-FILED-

NOV 25 2019

ROBERT N. ........, Clerk
U.S. .......... COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 2:19 CR 0159 |
| ) | |
| SAMANTHA ELHASSANI ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Abizer Zanzi, the defendant Samantha Elhassani and her attorneys Thomas Anthony Durkin and Joshua G. Herman, and show the Court they have entered into a plea agreement as follows:

1. I, Samantha Elhassani, can read, write and speak the English language.

2. I have received a copy of the Information filed simultaneously herewith, have read and discussed it with my lawyers, and believe and feel that I understand every accusation made against me in this case. I have agreed, as set forth in a separate filing with the Court, to waive my right to indictment by a federal Grand Jury with respect to the charge of Financing of Terrorism described in Count 1 of the Information.

3. I have told my lawyers the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and

1

believe and feel that my lawyers are fully informed as to all such matters. My lawyers have counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

2

    d.    At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    e.    At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    f.    At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    g.    In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6.    I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.    Notwithstanding the above, I have, with the assistance of

counsel, entered into an agreement with the United States Attorney's Office

as follows:

    a.    I will plead guilty to Count 1 of the Information charging me with financing of terrorism, in violation of 18 U.S.C. § 2339C(c)(2)(A), because I am in fact guilty of this offense. I understand the maximum possible penalties that may be imposed upon me for the offense are listed below:

| Prison | Fine | Supervised Release |
|---|---|---|
| 10 years | $250,000 | Life |

I further understand that a special assessment of $100 will be imposed on the count of conviction in addition to any other penalty imposed and the $100 special assessment is due and payable prior to my sentencing hearing. I also understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court and should I violate any of those conditions, the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment.

    b.    The following agreements in this paragraph are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are not binding upon the Court. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea:

        i.    The United States of Attorney and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a 2 level reduction in offense level. The United States Attorney and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government

4

       will move at sentencing for me to receive an additional 1 level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

   ii.   I agree that the United States Sentencing Guideline, Section 3A1.4 applies due to the fact that my offense involved and was intended to promote a federal crime of terrorism.

c.   Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the United States Attorney agrees after the Court imposes my sentence to move to dismiss the Superseding Indictment pending against me in Cause No. 2:18-cr-33, which charges me with conspiracy to provide material support for a foreign terrorist organization and aiding and abetting others to provide material support to a foreign terrorist organization, each in violation of Title 18, United States Code, § 2339B. This plea agreement resolves all known pending federal charges and allegations against me.

d.   I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

e.   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to

impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Count 1 of the Information. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

   a. In November 2014, I was informed by my husband, Individual A, that he and his brother, Individual B, wanted to travel to Syria to live in the Caliphate and join ISIS.

   b. Between November 2014 and April 2015, I helped Individuals A and B join ISIS, by making three trips abroad to Hong Kong.

   c. During the first two trips, I transported more than $30,000 in cash and gold from the United States and deposited these items in a safe deposit box in Hong Kong. At the time I transported the funds and gold, I knew that Individuals A and B had expressed an interest in joining ISIS and that Individuals A and B intended to use these resources to support ISIS.

   d. I concealed the support and resources described above by: (1)

6

       transporting gold that was melted down to look like jewelry and (2) not disclosing the cash and gold on customs declaration forms.

   e.    I performed these acts knowingly and willingly and with the knowledge that ISIS was a foreign organization involved in terrorist activities.

9.    I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10.    I believe and feel that my lawyers have done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11.    I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12.    I understand and acknowledge that this agreement, once filed

with the court, is a public document and available for public viewing.

| | |
|---|---|
| s/ *Samantha Elhassani* <br> Samantha Elhassani <br> Defendant | s/ *Thomas Anthony Durkin* <br> Thomas Anthony Durkin <br><br> s/ *Joshua G. Herman* <br> Joshua G. Herman <br><br> Attorneys for Defendant |

APPROVED:

    THOMAS L. KIRSCH II
    United States Attorney

By:   s/ *Abizer Zanzi*
     Abizer Zanzi
     Assistant United States Attorney